UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| DANA ROSS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CV410-101 |
| BRIAN OWENS,[1] | ) ) ) |
| Respondent. | ) |

### REPORT AND RECOMMENDATION

Challenging his 2007 state court parole revocation -- but ignoring the fact that he is presently incarcerated for a *2008* parole violation -- Dana Ross petitions this Court for habeas relief under 28 U.S.C. § 2254. Doc. 1. In a motion to dismiss that is unopposed by operation of Local Rule 7.5 (failure to respond means no opposition), the state argues that Ross' petition is moot because he is no longer confined on the 2007 probation revocation, only the 2008 revocation. Doc. 15. The state is

---

[1] Ross filed this petition against Barry Goodrich, the warden of private prison in which Ross is incarcerated. In an unopposed motion, Georgia Department of Corrections Commissioner Brian Owens seeks to intervene as the proper party respondent. Doc. 16. The motion is **GRANTED**, and the Court has substituted him as the respondent. The above caption has thus been amended, the Clerk shall amend the docket accordingly, and all subsequent filings shall conform.

correct. Applying case-or-controversy principles set forth in cases like *Mattern v. Secretary for Dept. of Corrections*, 494 F.3d 1282, 1285-86 (11th Cir. 2007), and *Graham v. United States Parole Commission*, 732 F.2d 849, 850 (11th Cir. 1984) (habeas challenge to parole regulation mooted by release on parole as a favorable decision would not entitle petitioner to any additional relief), the question before the Court is this: Assuming Ross received a new hearing on his 2007 probation revocation *and* won, would it in any way alter his present confinement?

The answer here is no,[2] so his petition is moot. *See Jenkins v. Barrow*, 2010 WL 3604670 at * 2 (S.D. Ga. Jul. 28, 2010) ("were this Court to conclude that [petitioner's] probation was wrongly revoked, his only remedy would be an order directing his release. Yet, he already is released. Because his case is moot, his § 2254 petition must be DISMISSED WITH PREJUDICE."). Nor has Ross presented an issue "capable of repetition, yet evading review." *Sultenfuss v. Snow*, 35 F.3d 1494, 1498 n. 5 (11th Cir.

---

2 As the state explains, he received a 15-year probated sentence on drug charges in 2006, but in 2007 he violated that probation, so 650-730 days were revoked.  Doc. 15-1 at 1-2; *see* also doc. 17-1 at 1 ¶ 1; *id.* at 66-75 (original guilty plea and sentence). In February 2008, however, he was accused of felony escape but he resolved that by stipulating to violation of the same probation -- so it was *again* revoked, this time for 10 years. Doc. 17-1 at 1 ¶ 1.  Thus, he is serving 2008 revocation time (10 years) that 100% overlaps the 2007 revocation time (650-730 days). Ross rebuts none of this.

1994) (en banc).

Accordingly, Dana Ross' § 2254 petition must be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this 19th day of October, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3